UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GONZALEZ, an individual person, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES BRYANT, an individual,<br><br>Defendant. | No. 2:19-cv-02155-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Michelle Gonzalez ("Plaintiff") seeks to recover damages from James Bryant ("Defendant"). Plaintiff's First Amended Complaint ("FAC") alleges two causes of action under state law. ECF No. 25. Presently before the Court is Defendant's Motion to Dismiss. ECF No. 27. Plaintiff timely opposed the Motion. Opp'n, ECF No. 31.[1]  For the reasons that follow, Defendant's Motion is GRANTED.

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. ECF No. 28; see E.D. Cal. Local Rule 230(g).

1

# BACKGROUND

The National Litigation Law Group ("NLLG") was originally formed under the laws of Oklahoma as a professional limited liability company ("PLLC") of which Bryant was the sole member. ECF No. 6-1 ("Leveroni Decl."), Ex. A. On July 10, 2017, Bryant and a previous defendant who is no longer party to this action, Lance Conn ("Conn"), decided to domesticate NLLG in the District of Columbia ("D.C.") and formed NLLG DC, PLLC under the laws of D.C. Leveroni Decl., Ex. B. Bryant and Conn subsequently merged the Oklahoma and D.C. entities to create NLLG, PLLC. Leveroni Decl., Exs. C, D. On September 22, 2017, again under the laws of D.C., Bryant and Conn converted NLLG, PLLC into a limited liability partnership ("LLP") named NLLG, LLP. Leveroni Decl., Ex. E. The following February, Bryant and Conn filed an application in California to register NLLG, LLP as a foreign LLP and received the certificate of filing in December 2018 from the Secretary of State. Leveroni Decl., Ex. G.

According to Plaintiff's FAC, on May 21, 2018, Defendant Bryant personally solicited Plaintiff and putative class members to retain NLLG for legal representation in future debt collection lawsuits. FAC, ¶ 14. Plaintiff signed a retainer agreement, and, the following year, Wells Fargo Bank N.A. and American Express National Bank separately filed two debt collection actions against Plaintiff. FAC, ¶¶ 3, 21. In response, Defendant allegedly emailed two letters to Plaintiff stating that the firm was qualified to represent her in both actions, but she needed to complete the following requirements: (1) advance a "first appearance fee" in order for NLLG to make a first appearance on Plaintiff's behalf; (2) complete and transmit a client financial statement; and (3) execute a limited power of attorney authorizing NLLG to settle the actions on Plaintiff's behalf without her further knowledge or consent. Id. Plaintiff complied with all three requirements. Id.

///

///

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotation marks omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotation marks omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must

3

be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

**A.     Claim One: Violation of the California Anti-Phishing Act ("APA")**

Defendant seeks dismissal of Plaintiffs' APA cause of action for failure to state a claim.  The APA makes it unlawful for "any person, by means of a Web page, electronic mail message, or otherwise through use of the Internet, to solicit, request, or take any action to induce another person to provide identifying information by representing itself to be a business without the authority or approval of the business."  Cal. Bus. & Prof.

Code § 22948.2. "Identifying information" includes sensitive information such as social security numbers, bank account numbers, credit card numbers, account passwords, or any other "information that can be used to access an individual's financial accounts or to obtain goods or services." Id. § 22948.1(b). Cases discussing the APA are limited, but claims defeating motions to dismiss appear to follow the plain language of the statute, and involve such circumstances, by way of example, as when a defendant induces the provision of account credentials by falsely representing itself as a representative of a plaintiff's financial institution. See, e.g., Cottle v. Plaid Inc., No. 20-CV-03056-DMR, 2021 WL 1721177, at *20 (N.D. Cal. Apr. 30, 2021); Wesch v. Yodlee, Inc., No. 20-CV-05991-SK, 2021 WL 1399291, at *8 (N.D. Cal. Feb. 16, 2021).

Here, the facts alleged do not support a phishing cause of action because Plaintiff fails to demonstrate how Bryant represented himself as NLLG without the authority or approval of that business. Cf. Cal. Bus. & Prof. Code § 22948.2. As this Court has already held, NLLG was a validly formed legal entity of which Bryant was a member. ECF No. 8, at 6. Accordingly, Plaintiff cannot state a claim under the APA and this cause of action is DISMISSED without leave to amend.

**B.     Claim Two: Violation of the California Unfair Competition Law**

Defendant likewise seeks dismissal of Unfair Competition Law ("UCL") claim. See California Bus. & Prof. Code §§ 17200 et seq. The UCL prohibits parties from engaging in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To demonstrate a claim under the UCL, a plaintiff "must allege that she has suffered (1) economic injury (2) as a result of the alleged unfair business practice." Svenson v. Google Inc., 65 F. Supp. 3d 717, 730 (N.D. Cal. 2014). Any unfair business practice alleged by Plaintiff in the instant matter appears tethered to its "fictitious law firm" theory — a claim this Court has already rejected. ECF No. 8, at 6. Because Plaintiff fails to plead any facts to otherwise substantiate this cause of action, Plaintiff's second cause of action is also DISMISSED without leave to amend.

///

**CONCLUSION**

In consideration of the foregoing, Defendant's Motion to Dismiss (ECF No. 27) is GRANTED.  Plaintiff has previously received leave to amend these claims, and the Court determines that additional amendment would be futile.  Accordingly, these claims are DISMISSED with no further leave to amend, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 17, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE